**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,                                    Criminal No. 11-mj-245(1) (DWF)

          Plaintiff,

v.                                                                          **ORDER AND MEMORANDUM**

Hawo Osman Ahmed,

          Defendant.

---

Laura M. Provinzino, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

John S. Hughes, Esq., Law Office of John S. Hughes, counsel for Defendant.

---

This matter is before the Court pursuant to Defendant Hawo Osman Ahmed's ("Defendant") motion (Doc. No. [22]) to revoke the Order of Detention entered by Magistrate Judge Franklin L. Noel's on June 22, 2011 (Doc. No. [17]) and Defendant's motion (Doc. No. [23]) to revoke Magistrate Judge Noel's June 22, 2011 Order of Removal to the Middle District of Tennessee (Doc. No. [19]). The United States has filed a response in opposition to Defendant's motions (Doc. No. [32]).

Based upon the presentations and arguments of counsel, the Court having reviewed the contents of the file in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.  Pursuant to 18 U.S.C. § 3142 and 3145 and the factors set forth in those provisions, the Court **AFFIRMS** Magistrate Judge Franklin L. Noel's June 22, 2011 Order of Detention (Doc. No. [17]).

2.  Defendant Hawo Osman Ahmed's Motion for Revocation of Order of Detention (Doc. No. [22]) is **DENIED**.

3.  Defendant Hawo Osman Ahmed's Motion for Revocation of Magistrate Judge Franklin L. Noel's June 22, 2011 Order of Removal (Doc. No. [23]) is **DENIED**.

4.  Magistrate Judge Noel's June 22, 2011 Order of Removal (Doc. No. [19]), ordering the removal of the Defendant to the Middle District of Tennessee is **AFFIRMED**.

Dated: July 27, 2011  
s/Donovan W. Frank  
DONOVAN W. FRANK  
United States District Judge

**MEMORANDUM**

**Order of Removal**

Hawo Osman Ahmed was arrested on a complaint in the Middle District of Tennessee alleging witness tampering in violation of 18 U.S.C. § 1513(b)(1) and (b)(2). Significantly, § 1513(g) has a specific venue provision establishing that venue in this instance is proper in the Middle District of Tennessee. A prosecution under § 1513(g) "may be brought in the district in which the official proceeding (whether pending, about

to be instituted, or completed) was intended to be affected, or in which the conduct constituting the alleged offense occurred." Admittedly, the alleged witness tampering of M.A. was alleged to have occurred in Minneapolis, Minnesota, but the official proceeding that the defendant intended to affect was a case pending in the Middle District of Tennessee. *United States v. Adan, et al.*, 3:10-cr-260 (M.D. Tenn.). The record before the Court alleges that the defendant acknowledged that the victim, M.A., had provided information to law enforcement, that M.A. had appeared before a grand jury in the Middle District of Tennessee, and would likely be a witness at trial.

The record establishes that the Middle District of Tennessee is a proper venue for the defendant's witness tampering charge, pursuant to 18 U.S.C. § 1513. For the reasons stated, the Court has affirmed Magistrate Judge Franklin L. Noel's June 22, 2011 order removing the above-entitled to the Middle District of Tennessee.

**Order of Detention**

As the parties are aware, a Magistrate Judge's detention order is subject to *de novo* review by a District Court Judge. *United States v. Maull*, 773 F.2d 1479 (8th Cir. 1985).

As observed by Magistrate Judge Noel in his June 22, 2011 Order for Detention, the United States Pretrial Services interviewed the Defendant and prepared a report detailing Defendant's criminal history, including a plea of guilty in state district court in Hennepin County to third-degree assault. Defendant is awaiting sentencing on that charge which involves a victim being stabbed/slashed with a scissors. The Pretrial Services Report recommended detention by concluding that the Defendant presented both

a risk of flight and a danger to the community. Magistrate Judge Noel concluded, based upon the record before the Court–which consisted primarily of argument by counsel, and the Pretrial Services Report–that the United States had shown by clear and convincing evidence that there was no set of conditions that would reasonably assure Defendant's appearance at future court proceedings. Magistrate Judge Noel based his decision, in large part, upon the fact that the Defendant's father lives in Kenya, where she had lived recently, and a recent history of encounters with law enforcement in the area, including a history of assaultive behavior consistent with the allegations and the charges before this Court.

Pursuant to the factors set forth in 18 U.S.C. §§ 3142 and 3145, the Court has affirmed Magistrate Judge Noel's Order for Detention. Those factors considered by the Court were as follows:

   a.   The nature and circumstances of the offense charged.

   b.   The weight of the evidence against the Defendant.

   c.   The history and characteristics of the Defendant.

This Court has reviewed the nature and circumstances of the offense charged, especially given the assault-related allegations and the allegations against the Defendant with respect to tampering with the witness identified as M.A.; the weight of the evidence against the Defendant; and the history and characteristics of the Defendant, while on the one hand taking into account the fact that she is indeed a mother with one disabled child, but also taking into account allegations of assault that were pled to and the third-degree

assault charge before the State District Court in Hennepin County–although she is receiving a very favorable disposition–as well as the assault-related allegations in the charge in the Middle District of Tennessee, in addition to her ties to the country of Kenya.

The Court therefore concludes, as did Magistrate Judge Noel, that there is no condition or combination of conditions that would reasonably assure the Defendant's appearance in Tennessee or reasonably assure the safety of the community, especially given the nature of the charge pending in the Middle District of Tennessee as it relates to witness tampering. Consequently, even if the Hennepin County third-degree assault charge, which the Defendant has pled guilty to but has not been sentenced on, is given the weight as suggested by defense counsel, it does not change the result with respect to continuing the order for detention.

For the reasons stated in this Memorandum, the Court has affirmed the decisions of Magistrate Judge Noel on June 22, 2011, and has therefore denied Defendant's motion to revoke the Order of Removal and denied Defendant's motion to revoke the Order for Detention.

D.W.F.